IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

**JEFFREY BLANIAR,**

              **Plaintiff,**

v.                            Case No. 5:20-cv-169 Judge Bailey
                            (State Court Civil Action No.: 20-C-29)

**SOUTHWESTERN ENERGY COMPANY;
SWN WELL SERVICES, LLC; SWN
DRILLING COMPANY, LLC, SWN
ENERGY SERVICES, LLC, d/b/a SWN
MARKETING COMPANY; SWN
PRODUCTION COMPANY, LLC; SWN
WATER RESOURCES COMPANY, LLC;
SWN E & P SERVICES, LLC; SWN
MIDSTREAM SERVICES COMPANY,
LLC; THE GORMAN-RUPP COMPANY;
JGB ENTERPRISES, INC; CAMPBELL
FITTINGS, INC; DANIEL DURIG; AND
RHONDA DURIG,**

              **Defendants.**

ELECTRONICALLY FILED
Aug 11, 2020
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Please take notice that the Defendants, Southwestern Energy Company ("SWN Energy"), SWN Well Services, LLC, SWN Drilling Company, LLC, SWN Production Company, LLC, SWN Water Resources Company, LLC, SWN E & P Services, LLC, SWN Energy Services Company, LLC, and SWN Midstream Services Company, LLC (hereinafter collectively referred to as the "SWN Defendants"), by counsel, pursuant to 28 U.S.C. § 1441(a), hereby removes this action to the United States District Court for the Northern District of West Virginia, upon the following grounds:

    1.    On or about July 7, 2020, Plaintiff filed his Complaint against the SWN Defendants along with other Defendants The Gorman-Rupp Company, JGB Enterprises, Inc.,

Campbell Fittings, Inc., Daniel Durig and Rhonda Durig in the Circuit Court of Wetzel County, West Virginia entitled *Jeffrey Blaniar v. Southwestern Energy Company, et al,* designated as Case No. 20-C-29 (the "State Court Action").

2. Plaintiff served his Summons and Complaint on the SWN Defendants on July 13, 2020 via the Secretary of State. Copies of the docket sheet, all process, pleadings and orders served upon the SWN Defendants are being filed as required by 28 U.S.C. § 1441(a) and are attached hereto as Exhibit 1.

3. This Court has original jurisdiction based on diversity of citizenship and amount in controversy under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(a). Venue properly lies in the Northern District of West Virginia under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. §95(a)(2).

4. This is a civil action between citizens of different States.

5. As alleged in the Complaint and upon information and belief, Plaintiff is a resident of Harrison County, West Virginia and is a citizen of West Virginia. (Complaint ¶ 1).

6. SWN Energy is a Delaware corporation with its principal place of business in Texas. (Complaint ¶ 2); *see also* Delaware Secretary of State – Online Data Services for SWN Energy attached hereto as Exhibit 2 and the Declaration of Sara Tate, ¶ 11, attached hereto as Exhibit 3.

7. SWN Well Services, LLC is a Texas limited liability company with its principal place of business located in Spring, Texas 77389. (Complaint ¶ 3).

8. SWN E & P Services, LLC is the is the sole member of SWN Well Services, LLC. (Declaration of Sara Tate, § 9).

9. SWN Energy is the sole member of SWN E & P Services, LLC. (Declaration of Sara Tate, § 8).

10. SWN Drilling Company, LLC, is a Texas limited liability company with its principal place of business located in Spring, Texas 77389. (Complaint ¶ 4).

11. SWN Production, LLC is the sole member of SWN Drilling Company. (Declaration of Sara Tate, § 6).

12. SWN Production Company, LLC, is a Texas limited liability company with its principal place of business located in Spring, Texas 77389. (Complaint ¶ 6).

13. SWN Energy is the sole member of SWN Production Company, LLC. (Declaration of Sara Tate, § 5).

14. SWN Water Resources Company, LLC, is a Texas limited liability company with its principal place of business located in Spring, Texas 77389. (Complaint ¶ 7).

15. SWN Energy is the sole member of SWN Water Resources Company, LLC. (Declaration of Sara Tate, § 7).

16. SWN Midstream Services Company, LLC is a Texas limited liability company with its principal place of business located in Spring, Texas 77389. (Complaint ¶ 9).

17. SWN Energy is the sole member of SWN Midstream Services Company, LLC. (Declaration of Sara Tate, § 4).

18. SWN Energy Services Company, LLC is a Texas limited liability company with its principal place of business located in Spring, Texas 77389. (Complaint ¶ 5).

19. SWN Midstream Services Company, LLC is the sole member of SWN Energy Services Company, LLC. (Declaration of Sara Tate, § 10).

20. As alleged in the Complaint and upon information and belief, Defendant Gorman-Rupp Company ("Gorman-Rupp") is an Ohio corporation with its principal place of business located at 600 South Airport Road, Mansfield, Ohio 44903. (Complaint ¶ 11); *see also* Ohio Secretary of State – Online Data Services for Gorman-Rupp attached here to as Exhibit 4.

21. As alleged in the Complaint and upon information and belief, Defendant J.G.B. Enterprises, Inc. ("JGB Enterprises") is a New York corporation with a principal place of business located at 115 Metropolitan Drive, Liverpool, New York 13088. (Complaint ¶ 12); *see also* New York Secretary of State – Online Data Services for JGB Enterprises attached here to as Exhibit 5.

22. As alleged in the Complaint and upon information and belief, Defendant Campbell Fittings, Inc. ("Campbell Fittings") is a Pennsylvania corporation with its principal place of business located at 301 South Washington Street, Boyertown, Pennsylvania 19512.(Complaint ¶ 13); *see also* Pennsylvania Secretary of State – Online Data Services for Campbell Fittings attached here to as Exhibit 6.

23. As alleged in the Complaint and upon information and belief, Defendants Daniel Durig and Rhonda Durig (the "Durigs"), are adult individuals, at all relevant times married, residing at 3116 Macedonia Ridge Road, New Martinsville, West Virginia 26155. (Complaint ¶ 14).

24. The Durigs own the surface underlying the oil and gas operations conducted on the premises. (Complaint ¶ 14).

25. The Complaint sets forth an action for damages alleging deliberate intent, negligence, strict products liability, and breach of warranty. Plaintiff seeks an amount in excess

of thirty-five million dollars ($35,000,000) for compensatory and punitive damages, pre-judgment interest, costs and attorney fees. (Complaint, Prayer for Relief ¶¶ (I)-(XII)).

26. Plaintiff alleges that he experienced impairment to his general health, strength, and vitality, pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma, annoyance, permanent scarring from burn injuries, disfigurement and impairment of the function of his legs, lost earnings and diminished future earning capacity, and an inability to enjoy pleasures of life that he had previously been able to enjoy. (Complaint ¶ 40). Plaintiff also alleges large expenditures of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation, therapeutic treatment, medicines, and other attendant services as a result of negligence, carelessness, and recklessness of defendants. *Id*.

27. The citizenship of the Durig Defendants should be disregarded because they are fraudulently joined in this matter to defeat diversity jurisdiction that would otherwise be present. *See Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2006 U.S. Dist. Lexis 19180 (N.D.W. Va. 2006). Plaintiff cannot defeat diversity jurisdiction by simply naming non-diverse defendants. *See Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999); *Heller v. TriEnergy Inc.*, 877 F. Supp. 2d 414 (N.D.W. Va. 2012); *Corder v. Antero Res. Corp.*, 322 F. Supp. 3d 710 (N.D.W. Va. 2018) (This court ruling that attempts to join resident defendants, against whom a cause of action could not be sustained, in order to defeat diversity jurisdiction in a suit against a nonresident oil producer were improper).

28. Under the doctrine of fraudulent joinder, in determining whether complete diversity exists, the Court must disregard the citizenship of non-diverse defendants if "there is no possibility that the plaintiff would be able to establish a cause of action . . . in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). More specifically, joining the

owner of the land on which a natural gas production-related injury occurred is fraudulent because the landowner does not own, control, or maintain the pipeline that allegedly caused the injury, therefore a claim cannot be stated against them. *See Marceaux v. Shell Western E & P*, 1997 U.S. Dist. Lexis 17360 (E.D. La. 1997).

29. The sole claim against the Durig Defendants appears in Count II – Negligence. However, the Durigs do not own, control, operate, or maintain the pump that allegedly caused Plaintiff's injuries. As property owners, they have no duty, let alone the expertise, to oversee the drilling and operation of natural gas wells located on the premises. To the contrary - the Surface Use Agreement and Subsurface Easement entered into between the Durigs and Defendant SWN Production Company, LLC (which is attached hereto as Exhibit 7) specifically provides that the Durigs will not interfere with SWN's oil and gas operations including the drilling and operation of the gas wells which allegedly caused Plaintiff's injuries.

30. Therefore, Plaintiff cannot simply name the Durigs as defendants in an attempt to defeat diversity when these Defendants cannot be held liable for deliberate intent, negligence, strict products liability, or breach of warranty related to a product they do not own, operate or maintain. For these reasons, there is no possibility that this cause of action could be established in state court and the Durigs' citizenship must be disregarded for diversity purposes.

31. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs, when the court considers the judgment that would be entered if the plaintiff prevails on the merits of his case as it stands today, at the time of the removal. *See Green v. Metal Sales Manufacturing Corp.,* 394 F. Supp. 2d 864, 866 (S.D. W. Va. 2005). "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Coleman v. Wicker and State Farm Mutual Automobile*

*Insurance Co.,* 2012 U.S. Dist. LEXIS 45225 at *3 (S.D. W.Va. 2012), *citing Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3rd Cir. 2002) (*Werwinski quoting Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3rd Cir. 1993).

32. Here, Plaintiff seeks an amount in excess of $35 million, as well as court costs, interest, and any other relief permitted by the court. (Complaint Prayer for Relief ¶¶ (I)-(XII)). In the Complaint, Plaintiff claims that he is entitled to recover numerous elements of damages, including past and future medical expenses; past and future earning capacity; permanent scarring and disfigurement; a past and future inability to enjoy the pleasures of life; past and future impairment of general health, strength, and vitality; as well as pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma. (Complaint ¶ 40).

33. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed with this Court, within thirty days after the receipt, by this Defendant, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

34. The Gorman-Rupp Company, JGB Enterprises, Inc. and Campbell Fittings, Inc. have been consulted regarding removal of this matter and have consented to removal to federal court as set forth in the Declarations attached hereto as Exhibit 8.

35. As required by 28 U.S.C. § 1446(d), written Notice of Removal is being given to all adverse parties and a copy of the Notice is being filed with the Clerk of the Circuit Court of Wetzel County, West Virginia.

WHEREFORE, the Defendant Southwestern Energy Company, by counsel, respectfully requests that the State Court Action be removed from the Wetzel County Circuit Court, West Virginia, to the United States District Court for the Northern District of West Virginia, and proceed as an action properly removed thereto.

Dated this 11th day of August , 2020.

                                            **SOUTHWESTERN ENERGY COMPANY;
SWN WELL SERVICES, LLC;
SWN DRILLING COMPANY, LLC,
SWN ENERGY SERVICES COMPANY, LLC;
SWN PRODUCTION COMPANY, LLC;
SWN WATER RESOURCES COMPANY, LLC; SWN E & P SERVICES, LLC; and
SWN MIDSTREAM SERVICES COMPANY, LLC**

*By Counsel*

**LEWIS GLASSER, PLLC**

/s/ Ramonda C. Marling
Richard L. Gottlieb (WVSB #1447)
Webster J. Arceneaux, III (WVSB #155)
Ramonda C. Marling (WVSB #6927)
300 Summers Street, Suite 700
P.O. Box 1746
Charleston, WV  25326
Phone:   304-345-2000
Fax:        304-343-7999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**JEFFREY BLANIAR,**

      **Plaintiff,**

v.                                      Case No. _____
                                       (State Court Civil Action No.: 20-C-29)

**SOUTHWESTERN ENERGY COMPANY;
SWN WELL SERVICES, LLC; SWN
DRILLING COMPANY, LLC; SWN
ENERGY SERVICES COMPANY, LLC,
d/b/a SWN MARKETING COMPANY;
SWN PRODUCTION COMPANY, LLC;
SWN WATER RESOURCES COMPANY,
LLC; SWN E & P SERVICES, LLC; SWN
MIDSTREAM SERVICES COMPANY,
LLC; THE GORMAN-RUPP COMPANY;
JGB ENTERPRISES, INC.; CAMPBELL
FITTINGS, INC.; DANIEL DURIG; AND
RHONDA DURIG,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Ramonda C. Marling, hereby certify that on the 11th day of August, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                Peter D. Friday, Esq.
                Kevin S. Burger, Esq.
                FRIDAY & COX, LLC
                1405 McFarland Road
                Pittsburgh, PA 15216-2320

                                                    /s/ Ramonda C. Marling
                                                      Ramonda C. Marling